**IN THE UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **MORGAN STANLEY SMITH BARNEY LLC,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **Civil Action No.** |
| | : | |
| **STEVEN GLAZER,** | : | |
| | : | |
| **Defendant.** | : | |

**COMPLAINT**

Plaintiff Morgan Stanley Smith Barney LLC ("Morgan Stanley"), by its undersigned attorneys, hereby brings the following Complaint for temporary and preliminary injunctive relief against Defendant Steven Glazer ("Glazer") and alleges as follows:

## I.  INTRODUCTION

1.  This dispute arises from Glazer's sudden resignation from Morgan Stanley's Deerfield, Illinois office on Friday, December 15, 2017 and his immediate, subsequent affiliation with a competitor of Morgan Stanley, Asset Management Group, Ltd. ("Asset Management Group"), located in a nearby office.

2.  Since resigning from Morgan Stanley, Glazer has been actively soliciting clients in violation of his Financial Advisor Employment Agreement ("Agreement").  (A copy of Glazer's Agreement is attached as Exhibit "A").  In further violation of his Agreement, Glazer improperly retained and, upon information and belief, is using Morgan Stanley's confidential client information.

3.  In fact, only a week prior to his resignation, one of Glazer's former assistants, Stacey Ness, emailed him a document entitled "Last Review Sheet."  (Exhibit "B").  This Last

1

Review Sheet included client identities as well as account numbers and asset information on at 100 client accounts.

4.     On the same day he resigned, Friday, February 15, Glazer emailed this Last Review Sheet, containing all of this highly confidential and proprietary client information, to his personal gmail address. (*Id*.). Even more troubling, the time on Glazer's email is 7:55 PM, after he resigned from Morgan Stanley. (*Id*.). In other words, based on the timing of Glazer's email, it appears that before his access to Morgan Stanley's systems was shut off, Glazer emailed from his Morgan Stanley email address to his personal gmail address the Last Review Sheet.

5.     Also, only two days before resigning, Glazer emailed from his Morgan Stanley email address to his personal grmail address confidential and proprietary information on another Morgan Stanley client. (Exhibit "C"). This particular email was sent at 10:09 PM, hours after the office had closed for the day.

6.     In addition, upon information and belief, Glazer secretly confiscated *original client files on dozens of Morgan Stanley clients*. In particular, the evening Glazer resigned, Morgan Stanley discovered that cabinet drawers in his work space had been cleared of all client file documentation. Based on the information provided to Morgan Stanley by one of his former assistants, Stacey Ness, these confiscated original files included, among other things, sensitive client financial information and investment proposals for Morgan Stanley's clients and/or prospective clients.

7.     To prevent irreparable harm arising from this course of wrongdoing, Morgan Stanley seeks temporary injunctive relief, inter alia, requiring Glazer to comply with his Agreement with Morgan Stanley, including his non-solicitation and confidentiality agreements,

and barring Glazer from using Morgan Stanley confidential and proprietary client information to solicit Morgan Stanley's clients.

8.      Even though the merits of this dispute are subject to mandatory arbitration before the Financial Industry Regulatory Authority ("FINRA"), under Rule 13804 of the FINRA Code of Arbitration Procedure, Morgan Stanley has the express right to seek temporary injunctive relief in this Court.  In accordance with Rule 13804(a)(2) of the FINRA Code, simultaneous with the filing of its motion for temporary injunctive relief in this Court, Morgan Stanley will file its claim for permanent injunctive relief with FINRA.

9.      Indeed, Glazer *expressly agreed to a TRO and preliminary injunctive relief* in his Agreement in order to enforce his non-solicitation and confidentiality provisions.  (Exhibit "A" at paragraph 4).

## II.      PARTIES

10.      Morgan Stanley is a limited liability company incorporated in Delaware with its principal place of business in the State of New York.  Morgan Stanley's sole member is Morgan Stanley Smith Barney Holdings LLC, also incorporated in Delaware with its principal place of business in the State of New York.  Morgan Stanley Smith Barney Holdings LLC, in turn, has as members various entities incorporated in Delaware, New York and/or other foreign jurisdictions. No member of Morgan Stanley Smith Barney Holdings LLC is a citizen of the state of Illinois; namely, no such member is either incorporated in Illinois or has its principal place of business in Illinois.

11.      Glazer resides in the state of Illinois.

### III.   JURISDICTION AND VENUE

12.    Jurisdiction exists by virtue of diversity of citizenship, 28 U.S.C. §1332.  The amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000), exclusive of interest and costs, against Glazer.  Venue is proper in this district because it is the district in which Glazer resides and the district in which the conduct complained of occurred.

### IV.   FACTS COMMON TO ALL COUNTS

13.    At the commencement of his employment with Morgan Stanley in 2011, Glazer signed the Agreement.  In paragraph 2.1 of the Agreement, Glazer agreed that all client information, including "(a) customer files, lists, ... (b) the names, addresses, telephone numbers" are "valuable and proprietary to MSSB" and "highly confidential."

14.    In paragraph 2.3 of the Agreement, Glazer agreed that he would not use Morgan Stanley's confidential client information for any purpose other than conducting business at Morgan Stanley and that if his employment ever terminated, he would immediately return all such information to Morgan Stanley.  In paragraph 2.4 of the Agreement, Glazer further agreed that he would not disclose any confidential information to anyone, either during or subsequent to his employment at Morgan Stanley, except in the ordinary course of Morgan Stanley business.

15.    Paragraph 3.2 of Glazer's Agreement, entitled "Unfair Competition", contains his non-solicitation covenant.  Specifically, Glazer promised as follows:  "For a period of one year following termination of your employment for any reason, you will not solicit or attempt to solicit, directly or indirectly, any of MSSB's customers who were serviced by you, or whose names became known to you, while in the employ of MSSB, with respect to securities, commodities, financial futures, insurance, tax advantaged investments, mutual funds or any other line of business in which MSSB or any of its affiliates is engaged."

4

16.     Glazer acknowledged that Morgan Stanley would be entitled to injunctive relief to the extent he breached his obligations under the Agreement.  Paragraph 4 of Glazer's Agreement expressly provides, in pertinent part: "You understand and agree that MSSB will suffer immediate and irreparable harm and that money damages will not be adequate to compensate MSSB or to protect and preserve the status quo pending arbitration...."

17.     Glazer's commitment to maintain the confidentiality of Morgan Stanley's client information is also set forth in numerous other agreements.  For instance, Glazer agreed to abide by Morgan Stanley's <u>Code of Conduct</u>.  (Exhibit **"**D").   The <u>Code of Conduct</u> defines "confidential information" as "information that is not generally known to the public" about "<u>our clients</u>, or other parties with whom we and our affiliates have a relationship and who have an expectation of confidentiality."  (Exhibit "B" at 36) (emphasis added).

18.     The <u>Code of Conduct</u> further states, "You must protect all confidential information, regardless of its form or format" and "only access confidential information that you need and are authorized to see in order to perform your responsibilities."  (*Id.*).

19.     On Friday, December 17, 2017, Glazer resigned his employment from Morgan Stanley to begin immediately working at Asset Management Group.  In fact, in his haste to resign, Glazer did not even submit a resignation letter at first.  Instead, he handwrote a resignation letter on the spot.  (Exhibit "E").

20.     As set forth above, upon information and belief, Glazer secretly confiscated original files relating to dozens of Morgan Stanley clients and/or other confidential information. Not only has Glazer improperly retained confidential information pertaining to Morgan Stanley clients, upon information and belief, Morgan Stanley believes that Glazer is using this

information to solicit Morgan Stanley clients in further violation of his express obligations to Morgan Stanley.

21.     Unless Glazer is enjoined from violating the terms of his Agreement and other obligations to Morgan Stanley, Morgan Stanley will be irreparably harmed.

22.     Morgan Stanley has no adequate remedy at law.

## COUNT I
## (BREACH OF CONTRACT)

23.     The allegations of Paragraphs 1 through 22 are incorporated herein by reference with the same force and effect as if set forth in full below.

24.     Glazer has breached the provisions of his Agreement and Code of Conduct.

25.     As a consequence of the foregoing, Morgan Stanley has suffered and will continue to suffer irreparable harm and loss.

## COUNT II
## (CONVERSION AND MISAPPROPRIATION OF TRADE SECRETS)

26.     The allegations of Paragraphs 1 through 25 are incorporated herein by reference with the same force and effect as if set forth in full below.

27.     The books and records of Morgan Stanley, and the confidential information contained therein, are subject to trade secret protection in accordance with the Illinois Trade Secrets Act, 765 ILCS 1065, et seq.

28.     This information derives independent economic value by not being accessible, through proper means, to competitors who can profit from its use or disclosure.

29.     Morgan Stanley has taken reasonable measures under the circumstances to maintain the secrecy of this information.

30.     The foregoing conduct of Glazer, upon information and belief, constitutes a misappropriation of Morgan Stanley's confidential, trade secret information.

31.     As a consequence of the foregoing, Morgan Stanley has suffered and will continue to suffer irreparable harm and loss.

## COUNT III
## (BREACH OF THE DUTY OF LOYALTY)

32.     The allegations of Paragraphs 1 through 31 are incorporated herein by reference with the same force and effect as if set forth in full below.

33.     Upon information and belief, Glazer has violated his duty of loyalty to Morgan Stanley by violating his contractual obligations to Morgan Stanley and by engaging in other actions contrary to the interests of Morgan Stanley.

34.     As a consequence of the foregoing, Morgan Stanley has suffered and will continue to suffer irreparable harm and loss.

## COUNT IV
## (UNFAIR COMPETITION)

35.     The allegations of Paragraphs 1 through 34 are incorporated herein by reference with the same force and effect as if set forth in full below.

36.     Upon information and belief, Glazer has engaged in acts of unfair competition.

37.     As a consequence of the foregoing, Morgan Stanley has suffered and will continue to suffer irreparable harm and loss.

WHEREFORE, by virtue of the foregoing acts complained of in the above-referenced Counts, Morgan Stanley respectfully requests:

A Temporary Restraining Order and a Preliminary Injunction Order issue immediately, enjoining Glazer, directly or indirectly, and whether alone or in concert with others, from:

(i)      soliciting or attempting to solicit, any of Morgan Stanley's clients who were served by or whose names became known to Glazer while in the employ of Morgan Stanley with respect to securities, commodities, financial futures, insurance, tax advantaged investments, mutual funds or any other line of business in which Morgan Stanley or any of its affiliates is engaged.

(ii)     recruiting or soliciting any employee of Morgan Stanley for employment or other business relationship with any other organization which does business in securities, commodities, financial futures, insurance, tax advantaged investments, mutual funds or any other line of business in which Morgan Stanley or any of its affiliates is engaged;

(iii)    Using, disclosing, or transmitting for any purpose, any records, documents, or information relating in any way to the clients, business or marketing strategies, or business operations of Morgan Stanley, whether in original, copied, computerized, handwritten, or any other form (hereafter the "Records and Information");

(iv)    Retaining, in any form, including without limitation original, copied, handwritten, computerized, or any other form, any Records and Information;

(v)     All other such acts as this Court deems appropriate for injunctive relief.

WHEREFORE, by virtue of the foregoing acts complained of above, Morgan Stanley demands judgment in its favor and against Glazer for a temporary restraining order and preliminary injunctive relief pending the outcome of arbitration in accordance with Rule 13804 of the FINRA Code of Arbitration of Arbitration Procedure.

Dated:  December 19, 2017                    Respectfully submitted,

                                             MORGAN STANLEY SMITH BARNEY LLC


                                             By:___/s/ Jerry M. Santangelo_____
                                                 One of Its Attorneys


Jerry M. Santangelo, Esq.
NEAL GERBER & EISENBERG, LLP
Two North LaSalle Street, Suite 1700
Chicago, Illinois 60602
312-269-8000
312-269-1747 (fax)
Attorneys for Plaintiff

*Of Counsel*:

Christopher C. Coss
Thomas J. Momjian, Esq.
COSS & MOMJIAN, LLP
111 Presidential Boulevard, Suite 214
Bala Cynwyd, PA 19004
610-667-6800
610-667-6620 (fax)


27245825.1