IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MORGAN STANLEY SMITH BARNEY LLC, | : |
| Plaintiff, | : |
| | : No. 17-cv-09107 |
| v. | : |
| STEVEN GLAZER, | : |
| Defendant. | : |

ORDER

AND NOW, this ___ day of December, 2017 upon consideration of the Complaint of Morgan Stanley Smith Barney LLC (hereinafter referred to as "Morgan Stanley"), and the parties, by counsel, having stipulated to the entry of the order set forth below:

IT IS HEREBY ORDERED AND DECREED THAT:

1. A Temporary Restraining Order issue immediately, as follows:

2. Defendant is immediately enjoined and restrained, directly or indirectly, and whether alone or in concert with others, including any officer, agent, employee, and/or representative of Asset Management Group, Ltd. ("Asset Management Group") from doing any of the following:

> (i) soliciting or attempting to solicit any Morgan Stanley clients serviced by Glazer or whose names became known to him during his employment at Morgan Stanley with respect to securities, commodities, financial futures, insurance, tax advantaged investments, mutual funds or

any other line of business in which Morgan Stanley or any of its affiliates is engaged (excluding Glazer's family and relatives);

(ii)    recruiting or soliciting any employee of Morgan Stanley for employment or other business relationship with any other organization which does business in securities, commodities, financial futures, insurance, tax advantaged investments, mutual funds or any other line of business in which Morgan Stanley or any of its affiliates is engaged;

(iii)   Using, disclosing, or transmitting for any purpose, any records, documents, or information relating in any way to the clients or business operations of Morgan Stanley, whether in original, copied, computerized, handwritten, or any other form (hereafter the "Records and Information");

(iv)    Retaining, in any form, including without limitation original, copied, computerized, handwritten or any other form, any Records and Information; and

(v)     Any and all other such acts as this Court deems appropriate for injunctive relief.

3.  Defendant, and anyone acting in concert or participation with Defendant, including any agent, employee, officer or representative of Asset Management Group, are further ordered to return to Morgan Stanley all records, documents, and information pertaining to the clients, business or marketing strategies, or business operations of Morgan Stanley, whether in original, copied, computerized, handwritten or any other form, and to purge any such information from his possession, custody, or control after providing all such information to Plaintiff's counsel, within twenty-four (24) hours of notice to Defendant or his counsel of the

terms of the Court's Order;

    4. Nothing in this Order shall prohibit Glazer from responding to inquiries initiated by clients of Morgan Stanley if such inquiries were made after December 20, 2017. In the event a client of Morgan Stanley initiates an inquiry to Glazer after December 20, 2017, Glazer shall keep a contemporaneous log of inquiries from those clients to which he is responding (indicating client name, date of request/inquiry, and whether such inquiry was made in person, by phone, by letter of by email). Glazer reiterates his intention to fully comply with the terms of this Order;

    5. Nothing set forth above shall be construed as authorizing or permitting Glazer to solicit Morgan Stanley clients or otherwise violate this Order (regardless of who initiates the contact). To the extent Glazer responds to inquiries initiated by clients after December 20, 2017, as set forth above, and the Morgan Stanley client ultimately transfers his/her account to Glazer (and those companies with which he is associated), Morgan Stanley reserves the right to seek damages with respect to any prior solicitation that led to such client inquiry, and to challenge the circumstances of such inquiry;

    6. This Order shall remain in full force and effect until the entry of an Order following a full evidentiary hearing under FINRA Rule 13804 on the issue of permanent injunctive relief in the arbitration between Morgan Stanley and Glazer before FINRA Dispute Resolution, after which the Panel may vacate, modify or extend any injunctive order as the panel deems appropriate. Once the panel enters its order, this Stipulation and Order will expire and the parties will dismiss this action, with prejudice and without costs;

    7. Pursuant to the requirements of sections 3 and 4 of the Federal Arbitration Act, 9 U.S.C. §§ 3-4, the parties are directed to proceed to expedited arbitration hearings on the

3

merits before a duly appointed panel of arbitrators pursuant to Rule 13804 of the FINRA Code of Arbitration Procedure; and

8. This Order is entered to maintain the status quo ante, and not as a decision on the merits. Nothing herein shall be deemed to be a waiver of any rights, remedies, claims or defenses of any of the parties, all of which are expressly reserved herein, or an admission of wrongdoing.

**SO ORDERED.**

December 21, 2017 at 9:30 o'clock a.m.

BY THE COURT:

_____
The Honorable Virginia M. Kendall

Seen and agreed to:

_____
Jerry M. Santangelo, Esq.
Attorney for Plaintiff

_____
Lawrence D. Mishkin, Esq.
Attorney for Defendant

4